# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | | |
|---|---|---|
| Anna Marie Gibson, | ) | |
|       Plaintiff, | ) | Civil Action No. 6:21-cv-4052-TMC |
| vs. | ) | |
| Kilolo Kijakazi, Commissioner of Social Security Administration, | ) | **ORDER** |
|       Defendant. | ) | |

Plaintiff Anna Marie Gibson brought this action under 42 U.S.C. §§ 405(g) and 1382(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her claim for disability insurance benefits and supplemental security income benefits under the Social Security Act. (ECF No. 1). This matter is before the court for review of the Report and Recommendation ("Report") of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(a), D.S.C. (ECF No. 24). In the Report, the magistrate judge recommends that the Commissioner's decision be reversed and remanded, pursuant to sentence four of § 405(g) for further proceedings. *Id.* at 9. Specifically, the magistrate judge concluded that the Administrative Law Judge ("ALJ") "failed to properly explain the finding that the plaintiff can perform work at all exertional levels, and thus the court cannot determine whether this finding, and the decision as a whole, is supported by substantial evidence." *Id*. at 8. Accordingly, the magistrate judge recommended the case be returned to the ALJ for a more thorough consideration, assessment and explanation of this issue. *Id*. at 9. Furthermore, the magistrate judge recommended that the court direct the ALJ on remand to

consider Plaintiff's assertion of error regarding Listing 12.05. *Id*. On September 16, 2022, the Commissioner filed a notice of her intent not to file objections to the Report. (ECF No. 26).

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). In the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

After a thorough and careful review of the record, the court finds no clear error and adopts the Report of the Magistrate Judge (ECF No. 24) which is incorporated herein by reference. The Commissioner's final decision is **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with the Report's detailed analysis.

**IT IS SO ORDERED.**

                                                  s/ Timothy M. Cain
                                                  United States District Judge

September 16, 2022
Anderson, South Carolina